Louisa M. GLENNIE, a/k/a Louisa M. Petty, Appellant,

v.

Marshall PETTY, Appellee.

No. 1225.

Court of Civil Appeals of Texas, Tyler.

Dec. 13, 1979.

and, furthermore, the transcript does not reflect the filing by applicant with the clerk of the trial court of a temporary injunction bond to defendant, which is also required by Rule 684. Although not raised by the appellant in her brief or by point of error, such failure to comply with said rule constitutes fundamental error and, thus, the order for temporary injunction is void *ab initio*.

■ Either the failure of the trial court to fix the amount of the injunction bond, or the failure of the applicant to file the bond renders the injunction void *ab initio*. *Goodwin v. Goodwin*, 456 S.W.2d 885 (Tex.1970); *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex.1956); *Haynie v. General Leasing Company, Inc.*, 538 S.W.2d 244, 245 (Tex. Civ.App.—Dallas 1976, no writ); *Boren v. Bank of the West*, 535 S.W.2d 776, 778 (Tex.Civ.App.—Amarillo 1976, no writ).

The order of the trial court granting a temporary injunction is reversed, and the injunction is dissolved.

Robert B. O'Keefe, Robert C. Ericson, East Texas Legal Services, Nacogdoches, for appellant.

Bill D. Rosenstein, Tyler, for appellee.

SUMMERS, Chief Justice.

This is an appeal from an order of the trial court granting appellee a temporary injunction. From this adverse order, appellant has predicated this appeal upon three points of error.

■ An examination of the transcript reveals that the trial court's order granting the temporary injunction did not fix the amount of security to be given by the applicant, as is required by Rule 684, T.R.C.P.,