

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00077-CV

———————————————

MCMAHAN'S FLOORING, INC., Appellant/Cross-Appellee

V.

SHELLY MORRISON AND STEVE HOWE, Appellees/Cross-Appellant

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-323156-21

Before Womack, Wallach, and Walker, JJ.
Opinion by Justice Wallach

**OPINION**

This is an interlocutory appeal from the granting in part and denying in part of a temporary injunction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). McMahan Flooring, Inc. (McMahan) challenges the trial court's denial of its requested injunctive relief on its claims for breach of noncompetition and nonsolicitation agreements. Morrison and Howe challenge the trial court's order granting injunctive relief to McMahan on its claims against Morrison and Howe for disclosure of trade secrets and breach of confidentiality. Because we hold that the temporary injunction order is void due to McMahan's failure to file a bond with the clerk for approval as required by Rule of Civil Procedure 684, we reverse the trial court's order granting the temporary injunction and remand the case to the trial court for further proceedings.

McMahan alleged it is in the business of selling flooring, countertops, blinds, window coverings, and other goods and services throughout Texas. McMahan sued Morrison and Howe, former employees, for breach of employment-related agreements regarding noncompetition and nonsolicitation, disclosure of trade secrets, and breach of confidentiality, among other allegations, and it sought temporary injunctive relief. After a hearing, on February 22, 2021, the trial court signed its Order Granting Application for Temporary Injunction. Relying on language from the written agreements between the parties, the court's order provided for a bond as follows: "It

2

is further ORDERED that pursuant to Section 23 of the Morrison Agreement and Section 8 of the Howe Agreement, the bond is set in the amount of $0."[1]

On March 3, 2021, Morrison and Howe filed their Motion to Dismiss for Lack of Jurisdiction, in which they contested the trial court's jurisdiction to enter the injunctive relief. On March 17, 2021, McMahan filed its Second Amended Emergency Motion for Reconsideration of the Court's Order Granting Plaintiff's Application for Temporary Injunction, and/or to Enter Revised Injunction Preventing Defendants from Breaching their Non-Compete Agreements, in which McMahan again requested the trial court to grant the previously denied injunctive relief. The trial court denied both motions. This interlocutory appeal ensued.

It is undisputed that McMahan has not filed a bond as ordered by the court, and the record is devoid of any evidence that a writ of injunction has been issued. Where the party that has requested and obtained an order granting temporary injunctive relief fails to file a bond as ordered by the trial court, the order granting the injunction is void ab initio. *Diversified, Inc. v. Turner*, 650 S.W.2d 175, 176–77 (Tex. App.—Houston [14th Dist.] 1983, no pet.) (holding that failure to file a temporary injunction bond as ordered by the court and to have it approved as required by Rule 684 renders the order void ab initio); *Glennie v. Petty*, 591 S.W.2d 951, 952 (Tex.

---

[1]The pertinent language of each agreement provides: "It is therefore, reasonable and necessary that MFI [McMahan] be accorded the equitable remedies of specific performance and injunctive relief, without any requirement for a bond."

App.—Tyler 1979, no pet.) (holding that, where order granting temporary injunction is signed but no bond is filed, the order granting the injunction is void ab initio). We hold that McMahan's failure to file the bond ordered by the court with the clerk for approval as required by Texas Rule of Civil Procedure 684 rendered the temporary injunction order in this case void ab initio.[2]

The trial court's Order Granting Application For Temporary Injunction is reversed, and the case is remanded to the trial court for further proceedings.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: November 24, 2021

---

[2]There is also a question whether the temporary injunction order is void ab initio because it fixed a bond in the amount of $0 based on the agreements of the parties. The agreements did not expressly provide for a bond of $0. Rather, they provided that should McMahan seek to enforce its equitable rights, such as injunction, for breach of the agreements, that McMahan was entitled to do so without any requirement of a bond, i.e., a waiver of the bond requirement. It has long been held that temporary injunctions issued without a bond are void ab initio. *Lancaster v. Lancaster*, 291 S.W.2d 303, 308 (Tex. 1956); *Ex Parte Lesher*, 651 S.W.2d 734, 736 (Tex. 1983) (holding that court cannot waive temporary injunction bond requirement); *see also Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). Likewise, it has been held that an agreed temporary injunction which does not provide for a bond as required by Rule 684 is void ab initio. *In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]). Based on our disposition we need not decide whether an order waiving a bond in furtherance of the parties' agreements would be void. *See* Tex. R. App. P. 47.1.